### FALSTAFF BREWING CO. v. LEMP BREWING CO.

#### No. 8314.

Circuit Court of Appeals, Seventh Circuit.

Dec. 23, 1943.

Bruce A. Campbell and Roland H. Wiechert, both of East St. Louis, Ill., and Joseph J. Gravely, of St. Louis, Mo., for appellant.

John D. Rippey, of St. Louis, Mo., and Arthur R. Felsen, of East St. Louis, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

The plaintiff appeals from a decree dismissing its bill of complaint for want of equity. The bill discharged trademark infringement and unfair competition and sought an injunction, accounting, damages and other relief.

The trademarks sued upon are for a distinctive type of shield. No. 40,949 was registered in 1903 by the Wm. J. Lemp Brewing Company for the outline of the shield, to be used for the marking of containers for malt liquors manufactured and sold by that company. No. 40,948, registered on the same day, was for a beveled shield of the same outline as that of No. 40,949, having a wide white band extending across the field, diagonally upward from left to right. The field under this band was divided diagonally, with the lower portion black, and the upper portion bronze. The shield outline was asymmetrical and had a deep rounded notch in the upper righthand portion.

The two shield trademarks, together with a third trademark, for the word "Falstaff," registered in 1902 by the Lemp Com-

pany, were extensively used by the Wm. J. Lemp Brewing Company of St. Louis in connection with its business of manufacturing and selling malt liquors until the adoption of the Eighteenth Amendment, after which the brewery was closed. Thereafter the Lemp Company, in 1921, sold and assigned the three trademarks to the Falstaff Corporation, organized at that time. The bill of sale provided that neither the name "Lemp" nor the name "Wm. J. Lemp Brewing Company" was included in the assignment, and the Falstaff Corporation agreed that it would never use either of those names in connection with its business. The Wm. J. Lemp Brewing Company was dissolved after the assignment.

The Falstaff Corporation used the trademarks in connection with the manufacture and sale of soft drinks until February, 1933, when appellant, the Falstaff Brewing Corporation, acquired the entire business and good will of the former corporation, and the trademarks. Since the repeal of Prohibition, appellant has used its trademarks in connection with its business of manufacturing and selling malt liquors.

The William J. Lemp Brewing Company was incorporated in Missouri in 1932, one of its incorporators being Wm. J. Lemp, III, a great grandson of the founder of the business of the original Lemp corporation. Neither Lemp III nor the company has ever engaged in the brewing or sale of beer. In 1939, they entered into an agreement with Central Breweries, Inc., which was engaged in manufacturing and selling beer, under the terms of which the latter corporation was permitted to use the Lemp name, and agreed to pay certain specified royalties for all beer sold under that name. Pursuant to this agreement, the Central corporation changed its name to William J. Lemp Brewing Company, which company was adjudicated a bankrupt in 1941. By purchase from the purchaser at a bankruptcy sale, the personal property of the bankrupt including machinery, equipment and trademarks, became the property of appellee, the Lemp Brewing Company. None of its officers was named Lemp or ever had any connection with the original Lemp Company, and it is making the payments provided for by the agreement of 1939 to the Lemp Company organized in 1932.

In 1942, appellee began to use a shield design in connection with the sale of its beer, and it is this shield which appellant contends infringes its trademarks. The shield is, in appearance, quite different from that covered by the trademarks alleged to be infringed. Instead of the asymmetric outline, appellee's shield is a symmetrical design, having two rounded notches on each side, and, in at least one form, a lion's head above it. This shield also has a diagonal band across it, carrying the name "Lemp."

The District Court found that appellee's label had no confusing similarity in memory or otherwise to appellant's labels or to the registered trademarks as used by appellant, stating, "The outline and balance of the two are dissimilar; the tops, sides and bottoms are dissimilar; and the ornamentations are dissimilar. Both have white panels across them inclining upwardly from left to right, and both have bronze edges. There is a striking difference in the impression made by the panels, coloring and edging, as used in the two shields." We agree with the finding of the court that there is no deceptive similarity between the shields. We also agree with its holding that appellee was guilty of no deceptive practices in the sale of its product, and did no palming off.

Appellant contends that because the shield trademark was used by the original Lemp Company, not only with the trademark, "Falstaff" thereon, but also with "Lemp" and other marks in the same relation to the shield that "Falstaff" has to its shield, the name "Lemp" became associated with a shield generally in the minds of the beer purchasing public, particularly if located on a slanting panel. Hence it argues that since it purchased the "Falstaff" and shield trademarks and the good will of the business appurtenant thereto, anyone using "Lemp" on beer is under a special responsibility to avoid the use of a shield in connection with "Lemp." The effect of this theory would be to impose a limitation upon the Lemp Company to which no other competitor is subject, and to deprive the Lemp Company of the right to use any shield in connection with the sale of its product. The District Court called this "an extreme position," and we agree with this designation. We find nothing in the historical background of the two companies to support appellant's contention. All that the Falstaff Company purchased from the original Lemp Company was the three trademarks covering the name Falstaff and the two forms of the shield as registered. This did not entitle it to extend its use of those shields to protect it

from competition from all other shields used by appellee or others unless such shields were deceptively similar, which appellee's are not.

We find no error in the decision of the District Court, and the decree is affirmed.